**David EUELL, Appellant,**

v.

**Donald WYRICK, Warden, Appellee.**

No. 81–1440.

United States Court of Appeals,
Eighth Circuit.

Submitted Jan. 15, 1982.

Decided April 23, 1982.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Richardson & Jianakoplos by Scott Richardson, St. Louis, Mo., for appellant.

Before LAY, Chief Judge, ARNOLD, Circuit Judge, and WOODS,* District Judge.

ARNOLD, Circuit Judge.

■ David Euell appeals from the District Court's denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The issue on appeal is whether Euell's challenge to the jury-selection system in St. Louis County, Missouri, is not barred by his failure to raise the claim at trial. We conclude that the lack of a contemporaneous objection does not bar a federal habeas court from hearing a claim with respect to which the state courts have apparently not invoked their contemporaneous-objection rules as a bar, and thus we reverse and remand for an evidentiary hearing on the jury-selection issue.

I.

David Euell was convicted of second-degree murder in St. Louis County, Missouri, in 1976 [1] and was sentenced to 30 years in prison. After the Missouri Supreme Court affirmed both the conviction and sentence, *State v. Euell*, 583 S.W.2d 173 (Mo.1979),

---

* The Hon. Henry Woods, United States District Judge for the Eastern District of Arkansas, sitting by designation.

1. Euell was tried twice for the crime. His first trial ended in a mistrial when the jury was unable to agree on a verdict.

Euell filed a motion for post-conviction relief under Missouri Supreme Court Rule 27.26, alleging, *inter alia*, that blacks and women were systematically under-represented in the group from which his jury was selected. Euell failed to object to the jury-selection process either at trial or on direct appeal; he raised the issue for the first time in his Rule 27.26 motion.

The Circuit Court of St. Louis County denied Euell's Rule 27.26 motion without an evidentiary hearing on June 19, 1980. The section of the court's brief Findings of Fact and Conclusions of Law which disposes of Euell's jury-selection claim states "[t]he record does not show and Movant fails to allege that Movant was deprived by design of having blacks or women on his jury panel." Designated Record (D.R.) 40. Euell did not appeal this ruling, but instead filed in the Missouri Supreme Court first a petition for habeas corpus and then a "Petition for Appropriate Relief in this Court." Each of these petitions raised arguments based on Euell's Rule 27.26 motion, and the Missouri Supreme Court denied both of them without opinion on September 9, 1980. No state-court remedy remains available to petitioner.

Euell next turned to the federal courts for relief. On October 27, 1980, he filed a habeas corpus petition which incorporated all the grounds from his Rule 27.26 motion as well as grounds from his direct appeal. The District Court denied the petition on April 22, 1981, finding that none of Euell's claims except his assertion of discriminatory jury selection raised an issue of constitutional magnitude. The District Court declined to reach the merits of the jury-selection claim, holding that on the basis of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), Euell was barred from raising the claim by his failure to move to quash the jury panel at the time of his trial.

## II.

Euell's sole contention on appeal is that the District Court should have given him an evidentiary hearing and the assistance of appointed counsel on the jury-selection question despite his failure to make a contemporaneous objection at trial. Both parties have addressed their arguments to the question of whether Euell has made "a showing of cause for the noncompliance and . . . actual prejudice resulting from the alleged constitutional violation." See *Wainwright v. Sykes*, 433 U.S. at 84, 97 S.Ct. at 2505. We think Euell need not satisfy the cause-and-prejudice exception outlined in *Wainwright* in order to have his jury-selection claim heard in a federal court.

In *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the Supreme Court explained a limitation on the extent to which *Wainwright* requires federal courts to observe state procedural bars. Under *Ulster County*, the critical question is not simply whether a state procedural bar exists, but whether the state itself applied its procedural bar. The federal court's task is not to apply state procedural rules as though it stood in the state court's shoes, but rather to determine whether the state courts relied on adequate state grounds to dismiss the claim now being asserted in the federal court.

The contrast between *Wainwright* and *Ulster County* illustrates this distinction. Both cases involved failures to comply with state contemporaneous-objection rules. In *Wainwright*, where the state courts refused to hear a claim because of the contemporaneous-objection problem, the Supreme Court held that "considerations of comity and concerns for the orderly administration of criminal justice" required the federal courts to dismiss the claim as well. 433 U.S. at 84, 97 S.Ct. at 2505, quoting *Francis v. Henderson*, 425 U.S. 536, 539, 96 S.Ct. 1708, 1710, 48 L.Ed.2d 149 (1976). In *Ulster County*, by contrast, the Court could find no indication that the New York state courts had dismissed the claim for lack of contemporaneous objection, and the Court therefore held the claim was properly before the federal courts on its merits. "[I]f neither the state legislature nor the state courts indicate that a federal constitutional claim is barred by some state procedural rule, a

federal court implies no disrespect for the State by entertaining the claim." 442 U.S. at 154, 99 S.Ct. at 2223 (footnote omitted).

The other circuits which have considered the issue have similarly construed *Ulster County.* See *Baker v. Muncy,* 619 F.2d 327, 329 (4th Cir. 1980) ("[*Ulster County*] shows that *Wainwright* does not automatically preclude consideration in federal habeas corpus of alleged constitutional error not objected to prior to jury deliberation and verdict. . . . [W]here the state trial court has given leave to assert a belated challenge and the Virginia Supreme Court has likewise considered the merits of the claim on appeal, giving no indication that the claim was barred in any event by procedural default, we too may consider the claim." (footnote omitted)); *Hockenbury v. Sowders,* 633 F.2d 443, 444 (6th Cir. 1980) ("Implicit in the Supreme Court's opinion in *Wainwright* is the conclusion that a state may decide when its contemporaneous objection rule applies. Similar deference is evident in *Ulster County* . . . ."), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981); *Thomas v. Blackburn,* 623 F.2d 383, 386 (5th Cir. 1980) ("The denial of habeas corpus relief in the state courts was not based upon his violation of Louisiana's contemporaneous objection rule but rather was a decision on the merits, and a federal court can, therefore, also reach the merits of his claim for habeas relief . . . ." (footnote omitted)), *cert. denied,* 450 U.S. 953, 101 S.Ct. 1413, 67 L.Ed.2d 380 (1981). See also *Cannon v. Alabama,* 558 F.2d 1211, 1216 n.12 (5th Cir. 1977), *cert. denied,* 434 U.S. 1087, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978).

In the instant case, as in *Ulster County,* the state court apparently considered and denied Euell's jury-selection claim despite the lack of contemporaneous objection. The court's order is brief and somewhat cryptic, but one thing is clear: it does not explicitly mention any failure on the part of petitioner's trial counsel to make a contemporaneous objection.[2] Nor, so far as the record before us indicates, did counsel for the State ask that petitioner's jury-selection claim be dismissed because it had not been properly preserved at trial. The Magistrate's Review and Recommendation, which the District Court adopted, argues that "[t]he 27.26 motion was dismissed without a hearing, therefore, the state was never required to assert a defense." D.R. 63. We disagree. It is true that the state post-conviction court did not conduct an evidentiary hearing on Euell's petition. Indeed, it is precisely Euell's complaint that no court, state or federal, has ever allowed him to present evidence to support his claim of discriminatory jury selection. But the Rule 27.26 court's own order states that a hearing (presumably involving only argument of counsel) was held on Euell's request that he be allowed to present evidence. It appears, therefore, that the State was called upon to assert a defense. The record does not show what its defense was, but we do know, as noted above, that the court did not mention any failure to respect the Missouri contemporaneous-objection practice. Instead, the state court dismissed the petition on the theory that Euell had neither shown nor alleged[3] deliberate discrimination.

Where a potential state procedural bar was raised neither by the parties nor by the courts in the state-court proceedings, it should not be raised for the first time to oppose a claim in federal habeas corpus. According to *Ulster County,* the purpose behind *Wainwright* is "to accord appropriate respect to the sovereignty of the states in our federal system." 442 U.S. at 154, 99 S.Ct. at 2223. We imply no disrespect when we refuse to impose a procedural bar which the State itself has bypassed. Accordingly,

**2.** The state court did cite a case, *State v. Johnson,* 566 S.W.2d 510 (Mo.App.1978), that rejects, on direct appeal, a jury-selection claim not made in the trial court. But the text of the Circuit Court's opinion does not seem to refer to this ground as a reason for rejecting petitioner's claim.

**3.** *But see* Grounds 7 and 8 of the R. 27.26 motion, D.R. 22–24, alleging "systematic exclusion of black persons and women from the jury process," *id.* at 22, with some factual detail.

we remand this case to the District Court with instructions to hold an evidentiary hearing on Euell's jury-selection claim. Of course, we express no view on the merits of that claim. We have appointed counsel for Euell on this appeal, and we suggest that the District Court continue this appointment.

Reversed and remanded for proceedings consistent with this opinion.[4]

---

**4.** We have studied the Supreme Court's opinion in *Engle v. Isaac*, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982) and believe that our action in this case is fully consistent with that opinion. The Supreme Court cites *Ulster County* and its holding with approval. —— U.S. at —— n.44, 102 S.Ct. at 1575 n.44.