PER CURIAM.
On November 19, 1974, a /iVe-member jury convicted relator James LaGarde of theft in the amount of $6000, a violation of La.R.S. 14:67. Thereafter, the trial court sentenced him as a second felony offender to twenty years’ imprisonment at hard labor. La.R.S. 15:529.1. Following this Court’s affirmance of his conviction and sentence, State v. LaGarde, 311 So.2d 890 (La.1975), relator filed an application for post-conviction relief, La.C.Cr.P. Art. 924 et seq., assailing the constitutionality of his trial before a five-member jury. Finding merit in this contention, we vacate the relator’s conviction and sentence and remand the case to the district court for further proceedings.
In Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the Unit *918 ed States Supreme Court recognized that the reduction of jury size to five members or less “promotes inaccurate and possibly biased decisionmaking, that causes untoward differences in verdicts, and that prevents juries from truly representing their communities.” Id. 98 S.Ct. at 1039. As a result of these findings, the Court concluded that a criminal trial before a jury consisting of only five members deprives the defendant of his right to trial by jury under the Sixth Amendment as applied to the states by the Fourteenth Amendment.
Because the major purpose of Ballew’s constitutional doctrine is to overcome an aspect of the criminal trial that “substantially impairs its truth-finding function and so raises serious questions about the accuracy of guilty verdicts in past trials,” Thomas v. Blackburn, 623 F.2d 383, 385 (5th Cir. 1980), cert. den., 450 U.S. 953, 101 S.Ct. 1413, 67 L.Ed.2d 380 (1981), this Court has given the new rule complete retroactive effect. State ex rel. Becnel v. Henderson, 410 So.2d 1015 (La.1982). Since relator’s petition falls squarely within the rule of Becnel, his trial before a five-member jury was unconstitutional and his conviction and sentence must be reversed.
CONVICTION AND SENTENCE REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS IN ACCORDANCE WITH LAW.
MARCUS and LEMMON, JJ., dissent for reasons assigned in dissenting opinion in State ex rel. Becnel v. Blackburn, 410 So.2d 1015 (La.1982).