361 So.2d 864 (1978)
STATE of Louisiana
v.
James E. ROBINSON.
No. 61221.
Supreme Court of Louisiana.
June 28, 1978.
Rehearing Denied August 31, 1978.
*865 A. J. Boudreaux, Staff Appeals Counsel 24th Judicial Dist. Indigent Defender Bd., New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., K. L. Sanders, Asst. Dist. Atty., Abbott J. Reeves, Director, Research and Appeals Division, Gretna, for plaintiff-appellee.
PER CURIAM.
Defendant James E. Robinson was charged by bill of information with the March 30, 1974 aggravated battery of Diane Johnson in violation of La. R.S. 14:34. On June 4, 1974, defendant was tried before a jury of five persons and found guilty as charged. Subsequently the trial court sentenced the defendant to serve five (5) years at hard labor in the custody of the Department of Corrections with credit for time served. The defendant now appeals his conviction and sentence to this Court.
We have reviewed defendant's three assignments of error and find them to be without merit. The only assignment of error requiring comment is that relative to the constitutionality of defendant's trial before a jury composed of only five persons. In Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the United States Supreme Court held that "the purpose and functioning of the jury in a criminal trial is seriously impaired, and to a constitutional degree, by a reduction in size to below six members" and struck down the conviction of a defendant who was tried before a five-person jury pursuant to Georgia law. While under this newly developed constitutional rule trial before a jury composed of only five persons is impermissible we have determined, after review of the decisions by the United States Supreme Court in this area, that the rule should not be applied retroactively to convictions obtained by juries impanelled prior to the date of the Ballew decision. See Hankerson v. North Carolina, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977); Daniel v. Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975); DeStefano v. Woods, 392 U.S. 631, 88 S.Ct. 2093, 20 L.Ed.2d 1308 (1968). Thus, since at the time of the commission of the instant offense and the trial in connection therewith, Louisiana law authorized trial before a jury composed of five persons when the offense charged was La. R.S. 14:34, aggravated battery, La.Const., Art. 1, § 9 (1921); La.Const., Art. 7, § 41 (1921); La.C.Cr.P. art. 782 (1966),[1] defendant's conviction by that jury is valid.
Accordingly, defendant's conviction and sentence are affirmed.
NOTES
[1] The law in Louisiana now provides that persons charged with relative felonies shall be tried before a jury of six persons, five of whom must concur to render a verdict. La.Const., Art. 1, § 17 (1974); La.C.Cr.P. art. 782 as amended by Acts 1975, 1st Ex. Session, No. 16, § 1.