Risley C. Triche, Napoleonville, La., for petitioner-appellant.

J. Nathan Stansbury, Dist. Atty., Lafayette, La., for respondent-appellee.

**W. D. ATKINS, Jr., Petitioner-Appellant,**

v.

**Carlo P. LISTI, Sheriff, Parish of Lafayette, Respondent-Appellee.**

No. 79–4058
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 2, 1980.

Before BROWN, TJOFLAT and FRANK M. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

This appeal, from the Western District of Louisiana, is from the district judge's denial of habeas relief to a Louisiana state prisoner. Appellant, a lawyer, was convicted by a six-person jury of felony theft. Only five of the jurors voted to convict, which sufficed under Article I, § 17 of the Louisiana Constitution, and Article 782(A), La.Code Crim.Pro. On direct appeal, the judgment was affirmed. *State v. Atkins*, 360 So.2d 1341 (La.1978). By motion for rehearing, appellant complained that the jury's verdict was not unanimous. The order denying rehearing apparently was not reported. Certiorari was denied, "it appearing that the judgment below rests on independent and adequate state grounds." *Atkins v. Louisiana*, 441 U.S. 927, 99 S.Ct. 2041, 60 L.Ed.2d 402 (1979).

In *Burch v. Louisiana*, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), the Supreme Court held that conviction for a nonpetty offense by a nonunanimous six-person jury was unconstitutional. The Louisiana Supreme Court later held that *Burch* had only prospective application. *State v.*

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

*Brown,* 371 So.2d 746, 747–48 (La.1979). The U. S. Supreme Court granted certiorari in *Brown* and on June 16, 1980, held that the constitutional principle announced in *Burch v. Louisiana, supra,* that conviction of a nonpetty criminal offense in a state court by a nonunanimous six-person jury violates the accused's right to trial by jury guaranteed by the Sixth Amendment as applied to the states through the Fourteenth Amendment and should be given retroactive application. Thus, on the basis of *Brown v. Louisiana,* —— U.S. ——, 100 S.Ct. 2214, 65 L.Ed.2d ——, we hold the district court's denial of habeas relief to the appellant Atkins must be reversed.

REVERSED and REMANDED.