410 So.2d 1015 (1982)
STATE of Louisiana ex rel. Rodney BECNEL
v.
Frank BLACKBURN, Warden, Louisiana State Penitentiary.
STATE of Louisiana ex rel. Emile EDWARDS
v.
Frank BLACKBURN, Warden, Louisiana State Penitentiary.
Nos. 81-KH-0957, 81-KH-1805.
Supreme Court of Louisiana.
January 25, 1982.
*1016 Lawrence M. Lehmann, of Midlo & Lehmann, New Orleans, for defendant-relator.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, J. Kevin McNary, Asst. Dist. Attys., for plaintiff-respondent.
DIXON, Chief Justice.
Relators, Rodney Becnel and Emile Edwards, were adjudged fourth felony offenders on January 19, 1979 and April 12, 1976, respectively. Each was sentenced to twenty years imprisonment, the minimum allowed for fourth felony offenders under R.S. 15:529.1. The relators subsequently filed separate applications for post-conviction relief in the Orleans Parish Criminal District Court, attacking the constitutionality of two convictions that were included in the multiple bills. Becnel attacked his 1972 conviction for possession of a controlled dangerous substance; Edwards attacked his 1970 conviction for forgery. Both urged that because they were convicted by five member juries, they were effectively denied the right to trial by jury guaranteed by the Sixth Amendment as applied to the states through the Fourteenth Amendment. The trial court denied both applications and the relators sought this court's review of those denials.
Writs were granted and the cases were consolidated for our review because both presented similar issues. State ex rel. Becnel v. Blackburn, 400 So.2d 212 (La.); State ex rel. Edwards v. Blackburn, 404 So.2d 277 (La.).
In Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the United States Supreme Court held that conducting a criminal trial before a jury consisting of only five members deprived the defendant of his right to trial by jury under the Sixth and Fourteenth Amendments. The Court, in Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979), held for much the same reason as in Ballew that a five to one verdict convicting the defendant of a nonpetty offense violated the right to a jury trial. Burch was applied retroactively in Brown v. Louisiana, 447 U.S. 323, 334, 100 S.Ct. 2214, 2223, 65 L.Ed.2d 159, 169 (1980), the court stating:
"In sum, Burch established that the concurrence of six jurors was constitutionally required to preserve the substance of the jury trial right and assure the reliability of its verdict. It is difficult to envision a constitutional rule that more fundamentally implicates `the fairness of the trialthe very integrity of the fact-finding process.' ... `The basic purpose of a trial is the determination of truth.'... and it is the jury to whom we have entrusted the responsibility for making this determination in serious criminal cases. Any practice that threatens the jury's ability properly to perform that function poses a similar threat to the truth-determining process itself. The rule in Burch was directed toward elimination of just such a practice. Its purpose, therefore, clearly requires retroactive application." (Citations omitted). (Emphasis added).[1]
The rationale of Burch seemingly compels the same sort of retroactive application of Ballew v. Georgia, supra. That conclusion was reached in a recent decision of the Fifth Circuit Court of Appeals. In Thomas v. Blackburn, 623 F.2d 383 (5th Cir. 1980), cert. den. 450 U.S. 953, 101 S.Ct. 1413, 67 L.Ed.2d 380 (1981), the court granted petitioner relief on his habeas corpus application challenging his pre-Ballew conviction by a five member jury. Petitioner's original state proceedings were completed in 1972. The court reasoned:
"The recognition that Ballew and Burch share the same purpose mandates that Ballew also be applied retroactively, regardless of good faith reliance by the *1017 state on the former rule[2] or disruptive effect on the administration of justice." Id. at 385.
Ballew, therefore, is to be given retroactive effect. The trial court erred in refusing to grant the relators' post-conviction relief.
Emile Edwards' application for post-conviction relief was filed in the district court in which his 1970 conviction was obtained. While recognizing the merit of Edwards' argument, the trial judge nevertheless denied the application, apparently believing that Edwards was attacking the sentence he had received as a habitual offender. The trial court stated that the "proper forum to resolve such a matter would be that in which the relator received his enhanced punishment." Had Edwards' application attacked only the sentence he received as a habitual offender, the trial judge's reasoning would have been proper. However, the application makes it clear that the relator was attacking only his 1970 conviction. The appropriate forum to attack a conviction is the court in which it was obtained. C.Cr.P. 925; State v. Linkletter, 345 So.2d 452 (La.1977).
Similarly, Rodney Becnel filed his application for post-conviction relief in the trial court in which his 1972 conviction was obtained. The trial judge dismissed the application without a hearing, stating that since the relator had served his sentence on the conviction the matter was moot.
This ruling was erroneous. The fact that one convicted of a crime has served his sentence does not render a subsequent attack on a constitutionally invalid conviction moot where the conviction is attended with collateral consequences, such as vulnerability to a multipe offender proceeding and a possible enhanced sentence. Whether the person may or may not be resentenced if convicted following a new trial is immaterial to this determination. See Fiswick v. United States, 329 U.S. 211, 67 S.Ct. 224, 91 L.Ed. 196 (1946); Sinclair v. Blackburn, 599 F.2d 673 (5th Cir. 1979), cert. den. 444 U.S. 1023, 100 S.Ct. 684, 62 L.Ed.2d 656 (1980); Scott v. District Attorney of Jefferson Parish, 309 F.Supp. 833 (E.D.La.1970), aff'd. 437 F.2d 500 (5th Cir. 1971); State ex rel. Bishop v. Blackburn, 384 So.2d 406 (La. 1980).
In the present case, Becnel was adjudged a fourth felony offender; the four offenses included the 1972 conviction which he now attacks. Our law requires that such persons receive no less than twenty years imprisonment at hard labor.[3] It is clear, therefore, that Becnel now suffers substantial detriment from the judgment of conviction, which survived the satisfaction of the sentence imposed on him. The constitutionality of that conviction is not "moot."
Finally, the state asserts that the relators' failure to object to the invalid convictions at their respective multiple offender hearings amounted to a waiver of the objection under C.Cr.P. 841.[4] The state's *1018 position is untenable. The attack in this case is aimed only at the constitutionality of two of the convictions that were used in the multiple offender proceedings, not the sentences that resulted from those proceedings. See State v. Nelson, 379 So.2d 1072 (La. 1980).
For these reasons, the decisions of the respective trial courts are reversed; the 1972 conviction of Rodney Becnel in Orleans Parish for possession of a controlled dangerous substance is vacated and set aside, and the case is remanded to the district court for a new trial in accordance with law; the 1970 conviction of Emile Edwards in Orleans Parish for forgery is vacated and set aside, and the case is remanded to the district court for a new trial in accordance with law.
LEMMON and MARCUS, JJ., dissent and assign reasons.
BLANCHE, J., dissents and will assign reasons.
MARCUS, Justice (dissenting).
I do not consider that the United States Supreme Court's decision in Brown v. Louisiana, 447 U.S. 323, 100 S.Ct. 2214, 65 L.Ed.2d 159 (1980), compels an overruling of our previous decision in State v. Robinson, 361 So.2d 864 (La.1978), holding that Ballew v. Georgia, 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), is not to be retroactively applied. A majority of the Brown court was opposed to complete retroactive application of Burch v. Louisiana, 441 U.S. 130, 99 S.Ct. 1623, 60 L.Ed.2d 96 (1979).[1] Accordingly, I adhere to our decision in Robinson holding that Ballew, which disapproved of five-member juries in serious criminal trials, should not be applied retroactively to convictions obtained by juries impanelled prior to the date of that decision. The effect of making Ballew retroactive to criminal cases tried prior to the change in our law effective January 1, 1975, and to enhancement of punishment proceedings, as in the instant case, will, in my opinion, have a significant disruptive effect on the administration of justice in this state without serving the purpose of the new constitutional rule.
Accordingly, I respectfully dissent.
LEMMON, Justice, dissenting.
While the rationale of Brown v. Louisiana, above, is certainly applicable to this case, the various opinions in Brown indicate that five of the members of the Court (as then constituted) would hold that Ballew v. Georgia, above, is not retroactive under the facts of this case.[1] Moreover, one of the justices in the four-judge plurality in Brown has now retired. I therefore conclude that the Brown decision does not dictate the majority's position in the present case.
More importantly, five-person juries have not been used in Louisiana since 1973, and they were used, when allowed, only in cases in which a prison sentence was not mandatory. It is therefore probable that few, if any, persons convicted by five-person juries are still serving time in prison. The present decision, therefore, probably has significance only to habitual offenders and therefore has applicability more as a sentencing *1019 consideration than as a consideration bearing on guilt or innocence.[2]
Since I view Burch and Ballew (as did the three dissenters in Brown) not as a complete rejection of the reliability of five-person juries, but rather as a determination of the point where the "line drawing" for jury size should occur, I would not prohibit the state from using the earlier convictions in order to enhance relator's sentences.
NOTES
[1] See Atkins v. Listi, 625 F.2d 525 (5th Cir. 1980).
[2] By revision of the Louisiana Constitution (art. 1, § 17) of 1974 and amendment of C.Cr.P. 782, the five member jury was abolished. Previously, this court held that the Ballew decision, which disapproved of five member juries in serious criminal trials, should not be applied retroactively to convictions obtained by juries impanelled prior to that decision. State v. Robinson, 361 So.2d 864 (La. 1978).
[3] R.S. 15:529.1 provides in pertinent part:

"A. Any person who, after having been convicted within this state of a felony, or who, after having been convicted under the laws of any other state or of the United States, or any foreign government or country of a crime which, if committed in this state would be a felony, thereafter commits any subsequent felony within this state, upon conviction of said felony, shall be punished as follows:
. . . . .
(3) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life;
..."
[4] C.Cr.P. 841 provides:

"An irregularity or error cannot be availed of after verdict unless it was objected to at the time of occurrence. A bill of exceptions to rulings of orders is unnecessary. It is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which he desires the court to take, or of his objections to the action of the court, and the grounds therefor.
The requirement of an objection shall not apply to the court's ruling on any written motion."
[1] Only four Justices of the Court (Brennan, Stewart, Marshall and Blackmun) were in favor of retroactive application. Two Justices (Powell and Stevens) were of the view that the new constitutional rules should apply retroactively "in cases still pending on direct review." The remaining three Justices (Rehnquist, Burger and White) approved of the "applicable standards for gauging the need for retroactivity" but disagreed with the "application of those standards in this case."
[1] Three justices dissented, and two concurred in the result only because the Brown case was still pending on direct review when the Court decided Burch v. Louisiana, above. The present case was not pending on direct appeal when Ballew was decided.
[2] The relators in this offense are fourth offenders challenging only one prior conviction.