440 So.2d 1336 (1983)
STATE of Louisiana, ex rel., Douglas JOHNSON
v.
Ross MAGGIO, Warden.
No. 83-KH-1494.
Supreme Court of Louisiana.
November 11, 1983.
*1337 PER CURIAM.
Writ granted. The Court of Appeal's ruling of May 17, 1983 does not comply with the March 25, 1983 order of this Court. Petitioner is not to be denied access to the courts for review of his case on the merits by the overzealous application of form and pleading requirements or hyper-technical interpretations of court rules.
Among other matters presented in petitioner's writ application to the Court of Appeal, petitioner is seeking appellate review of a ruling by the trial court in which he was denied a copy of the record of his criminal mischief trial. In response to this, the Court of Appeal invoked Rule 4 of the Uniform Rules of the Courts of Appeal relative to writs of review and denied petitioner's writ application on the grounds that he failed to attach the pertinent parts of the record of the case, the same record which petitioner is complaining he cannot get. Similarly, in response to petitioner's contention that the attorney appointed to represent him at the concluding part of his trial, one Ernest Smitherling, refuses to answer his correspondence or to take any action in perfecting or applying for writs of review from petitioner's conviction for criminal mischief, the Court of Appeal informed petitioner that his arguments would not be entertained until they were presented by his attorney, Ernest Smitherling. Finally, the Court of Appeal in its most recent ruling holds that no relief can be afforded petitioner under Rule 5 of the Uniform Rules of Courts of Appeal (for post-conviction relief) because, according to its interpretation of the Rule and application of C.Cr.P. art. 924, petitioner is not "in custody." And they have so ruled notwithstanding that petitioner has been convicted, sentenced and is presently imprisoned, at least in part, because of that conviction.[1] This erroneous interpretation by the Court of Appeal ignores this Court's ruling in State ex rel. Becnel v. Blackburn, 410 So.2d 1015 (La.1981).[2]
The sum effect of these lower court rulings has been to deny petitioner access to the courts for review, on the merits, of his criminal mischief conviction. Such action constitutes an improper deprivation of rights and, as pointed out in our earlier ruling, is at odds with the very policy underlying the reasons for the Rules, to provide a means of "safeguarding individual liberty against unlawful state action."
Nonetheless, in order to expedite disposition of the case, this Court ordered up the record of petitioner's misdemeanor conviction and reviewed it. Had we found that petitioner's contentions were clearly without merit, this Court would simply have *1338 denied the application at this juncture. However, it appears that petitioner may have one or more meritorious arguments. At the least they warrant serious consideration.
Accordingly, petitioner's writ is granted and the case is again remanded to the Court of Appeal, for expedited review of petitioner's criminal mischief conviction after lodging of the record, appointment of counsel by the Court of Appeal, briefing and argument, and full opinion.
WATSON, J., concurs in the Order.
LEMMON, J., concurs.
NOTES
[1] Relator's probation has no doubt been revoked because of that conviction, rather than certain independent arrests.
[2] In State ex rel. Becnel v. Blackburn, 410 So.2d 1015 (La.1981) this Court gave post-conviction relief to a petitioner who, although not "in custody" in the sense that he was serving time for the sentence on the conviction in question, was nonetheless "in custody" as a result of that conviction inasmuch as it was used to support his fourth offender adjudication and the enhancement of his sentence. Likewise, petitioner herein is "in custody" insofar as his probation was revoked because of his criminal mischief conviction.