700 So.2d 493 (1997)
STATE of Louisiana
v.
Adrian P. SMITH.
No. 96-KA-1798.
Supreme Court of Louisiana.
October 21, 1997.
Richard P. Ieyoub, Attorney General, Douglas P. Moreau, District Attorney, William H. Cooper, III, Baton Rouge, John A. Cannon, Kenner, for Applicant.
Mark D. Plaisance, Baker, for Respondent.
LEMMON, Justice.
This is a direct appeal from a judgment of the trial court that granted defendant post-conviction relief and declared La.Rev.Stat. 14:98A(1)(b) unconstitutional. The primary issues on appeal are (1) whether defendant, after pleading guilty, serving his sentence, and completing probation, had standing to use the post-conviction procedure of La.Code Crim. Proc. arts. 924-930.8 to challenge the statute under which he was convicted; and (2) whether Section 98A(1)(b)'s provision that a person commits the crime of driving while intoxicated if the person operates a motor vehicle at a specific blood alcohol concentration level violates the equal protection of the laws guaranteed by La. Const. art. I, § 3 against arbitrary discrimination based on age, when the maximum blood alcohol concentration level as an element of the crime is lower for persons under eighteen years of age than for persons over eighteen.

I
In November 1994, defendant, who was then seventeen years old, was stopped by a policeman for traffic infractions. Smelling alcohol on defendant's breath, the officer suspected defendant had been drinking and administered a breath analysis test, which registered defendant's blood alcohol level at 0.055. Defendant was arrested and charged with driving while intoxicated under La.Rev.Stat. 14:98,[1] which prohibited operating *494 a motor vehicle when the operator's blood alcohol concentration was 0.10 percent, unless the operator was under eighteen year of age, in which case the maximum blood alcohol level was 0.04 percent.[2] Thus defendant, because of his age, was charged with violating Section 98, while a person several months older could not have been so charged solely on the basis of blood alcohol concentration.
After defendant pleaded guilty, the trial court in February 1995 deferred sentencing under La.Code Crim. Proc. art. 894 and placed defendant on unsupervised probation subject to certain conditions. Upon defendant's completion of probation, the court set aside the conviction.
On December 15, 1995, defendant filed an application for post-conviction relief. In this application, defendant challenged the constitutionality of La.Rev.Stat. 14:98A(1)(b) on equal protection grounds, arguing that the statute constitutes invidious age discrimination prohibited by La. Const. art. I, § 3.
The State filed a procedural objection to defendant's right to seek post-conviction relief under La.Code Crim. Proc. art. 924, asserting defendant was not in "custody." The trial court overruled the State's objection.
After a merits hearing, the trial court agreed with defendant's equal protection argument and declared La.Rev.Stat. 14:98A(1)(b) unconstitutional. The instant direct appeal followed. La. Const. art. V, § 5(D).

II
The State first contends that defendant is not entitled to seek post-conviction relief, inasmuch as he was not in custody at the time of filing, as required by La.Code Crim. Proc. art. 924. Article 924 provides:
An application for post conviction relief is a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside.
"Custody" as used in this Title means detention or confinement, or probation or parole supervision, after sentence following conviction for the commission of an offense.
The State points out that defendant was no longer on probation and was not actually facing any adverse proceedings. Citing State v. Cinel, 94-0942, p. 12 (La.11/30/94); 646 So.2d 309, 318, the State argues that defendant cannot challenge the conviction on the basis of the speculative possibility that he may violate the law again and the district attorney may seek to use defendant's prior conviction to enhance his future sentence or to serve as an element of the future crime. Simply stated, the State argues that defendant lacked standing to challenge the constitutionality of La.Rev.Stat. 14:98A(1)(b) by post-conviction application.
On the other hand, defendant contends the trial court correctly concluded that the potential collateral consequences of his conviction under the multiple offender portion of the statute suffice to give him standing and provide a basis for him to seek post-conviction relief. Quoting from State ex rel. Becnel v. Blackburn, 410 So.2d 1015, 1017 (La.1982), the decision relied upon by the trial court in overruling the State's procedural exception, defendant argues that "[t]he fact that one convicted of a crime has served his sentence does not render a subsequent attack on a constitutionally invalid conviction moot where the conviction is attended with collateral consequences, such as vulnerability to a multiple offender proceeding and a possible enhanced sentence." Thus defendant maintains that the future possibility of an enhanced sentence *495 is sufficient to provide a basis for seeking post-conviction relief.
Article 924 defines "custody" for purposes of post-conviction applications to include specific situations in which the person is subject to some physical restrainti.e., "detention or confinement, or probation or parole supervision." A noted commentator has discussed construction of the term "custody" used in Article 924 as follows:
The term "custody" is broadly defined in article 924 of the Code of Criminal Procedure to include detention or confinement as well as probation or parole supervision. The definition merely codifies the jurisprudence, which has included such supervised release situations within the ambit of habeas corpus relief. However, once the sentence is satisfied, postconviction relief is barred. The conviction can be challenged only if it is later used to enhance penalty (e.g., under Louisiana Revised Statutes 15:429.1) or to serve as an element of a crime in a subsequent criminal prosecution (e.g., Louisiana Revised Statutes 14:95.1).
Cheney C. Joseph, Jr., Post Conviction Procedure, 41 La.L.Rev. 625, 631 (1981) (emphasis added).
Custody historically was an obvious requirement in a true habeas corpus proceeding. While the definition of custody has undergone considerable changes over the years in federal habeas corpus proceedings, the custody requirement was apparently incorporated in Louisiana post-conviction proceedings to continue the notion of restraint as a justification for seeking such relief. In order to have standing to seek post-conviction relief, the petitioner must demonstrate some significant restraint upon his or her individual liberty.
The holding of Becnel extends "custody" beyond the express terms of the statute. The defendant in Becnel, at the time of filing his post-conviction application, was actually incarcerated, but not for the conviction under attack. He had served his sentence for the challenged conviction, and he had been convicted of a subsequent offense and sentenced as a habitual offender based on the underlying prior conviction. In that narrow context, we held that the fact the defendant had served his sentence for the prior conviction did not render moot his post-conviction application challenging that prior conviction. In so holding, however, we expressly noted that the defendant "now suffers substantial detriment from the judgment of conviction, which survived the satisfaction of the sentence imposed on him." 410 So.2d at 1017 (emphasis added).
The present case is factually distinguishable from Becnel. Defendant here, at the time of filing his application for post-conviction relief, was not incarcerated and was not then actually facing any collateral consequence from his prior conviction, such as enhancement of the sentence for another pending charge or use of the conviction as an element of another crime for which he had been charged. His only basis for bringing the post-conviction proceeding was the speculative possibility of future use of the challenged conviction to enhance a sentence or to serve as an element of another crime.
The federal jurisprudence addressing the scope of "custody" for purposes of federal habeas corpus relief has been summarized in Larry W. Yackle, Postconviction Remedies § 43 (1981):
[P]etitioners who have been released after serving sentences and suffer none of the legal restraints associated with parole are generally denied the benefit of the writ. The collateral consequences they suffer may be burdensome, even debilitating, but in the Court's eyes they do not justify extraordinary relief. Only when it is claimed the prior convictions were used to convict the petitioner of a new offense or to enhance terms now being served does the balance tip back in favor of federal intervention. Even then the weight of authority holds that convictions, the sentences for which have been served, may be reached only indirectly through challenges to present terms of confinement invalidly influenced by the prior judgments.
We do not in this case attempt to set the minimum limits on the type of restraint necessary to constitute "custody" for the purpose of determining standing in post-conviction applications. We have already decided *496 in Becnel that there is sufficient "custody" when the petitioner is serving a sentence enhanced by the prior conviction. Perhaps other cases in the future will present situations that constitute sufficient restraint to justify allowing an attack on the prior conviction. We are only presented in this case with the question of whether a petitioner, with a misdemeanor conviction that now has been set aside and with only the speculative possibility of some future criminal charge, is under sufficient restraint to be eligible under Article 924 to use a post-conviction proceeding to attempt to set aside the prior conviction.
Here, defendant did not raise the issue prior to his conviction or on direct review, although the defense was available. Neither did he raise the issue post-conviction while on probation. When he finally raised the lurking issue, the collateral consequences were only a potential possibility that he could avoid by refraining from driving after consuming alcohol. There was no existing case or controversy in which the prior conviction can produce collateral consequences, and we decline to presume defendant will violate the law in the future. If the potential possibility of collateral consequences from use of the prior conviction materializes, defendant can then refile the present challenge, unless otherwise barred.
We therefore decline to extend the "custody" requirement of Article 924 to reach the situation in which post-conviction relief is sought in the present case. We accordingly hold that the requirement of "custody" is lacking, and the State's procedural objection to defendant's application for post-conviction relief should have been sustained.
Having concluded that defendant's post-conviction application is not properly before us, we do not reach the constitutional issue.[3]
The judgment of the trial court declaring unconstitutional La.Rev.Stat. 14:98A(1)(b), as that statute provided prior to August 5, 1997, is set aside, and defendant's application for post-conviction relief is dismissed.
KIMBALL, J., not on panel. Rule IV, Part 2, § 3.
NOTES
[1] At the time of defendant's arrest, La.Rev.Stat. 14:98A(2) provided:

A. The crime of operating a vehicle while intoxicated is the operating of any motor vehicle... when:
(2) The operator's blood alcohol concentration is 0.10 percent or more by weight, or is 0.04 percent or more by weight if the operator is under the age of eighteen years....
In 1995, the introductory paragraph of Subsection A was designated as Paragraph A(1) and Subsections A(1) to (3) were designated as Subparagraphs A(1)(a) to (c). La. Act 1995, No. 520. Therefore, the pertinent provision at the time of the judgment now under review was Subparagraph A(1)(b).
[2] Because the legal drinking age was twenty-one, the amendment to Section 98 that added the lower blood alcohol level for persons under eighteen set up a disparity of treatment between persons under the legal drinking age.
[3] The Legislature, after the judgment of unconstitutionality in the present case, arguably cured the age discrimination problem by deleting from Section 98 the language declared unconstitutional in this case and by enacting La.Rev.Stat. 14:98.1, which defines the crime of underage operating a vehicle when intoxicated and which provides that any person under the age of twenty-one (the legal drinking age) commits the crime merely by operating a motor vehicle when the operator's blood alcohol concentration is 0.02 percent or more by weight.