PER CURIAM:
| t Granted in part; otherwise denied. Relator’s sentencing claim is not cognizable on collateral review, see La.C.Cr.P. art. 930.3; State ex rel. Melinie v. State, 93-1380 (La. 1/12/96), 665 So.2d 1172, and is also repetitive. La.C.Cr.P. art. 930.4(A).
With respect to his remaining claims for post-conviction relief, the district court’s September 2, 2014 ruling, in which it summarily denied relator’s application, is vacated, and the claims are remanded for district court consideration.
If it finds any, the district court is directed to notify relator of deficiencies in his petition’s form and afford him a reasonable opportunity to cure them. See State ex rel. Johnson v. Maggio, 440 So.2d 1336, 1337 (La. 1983) (a pro se petitioner “is not to be denied access to the courts for review of his case on the merits by the overzealous application of form and pleading requirements or hyper-technical interpretations of court rules.”).
^Finally, in the event the district court finds an evidentiary hearing is warranted, relator (if he is indigent) will be entitled to the appointment of counsel. La.C.Cr.P. art. 930.7(C).
WEIMER, J. dissents and would deny.
CLARK, J. would deny.