# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 20-73

**STATE OF LOUISIANA**

**VERSUS**

**MATTHEW TYLER HAYES**

\*\*\*\*\*\*\*\*\*\*

ON WRIT OF CERTIORARI FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT
PARISH OF CALCASIEU, NO. 20547-16,
HONORABLE DAVID A. RITCHIE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## JONATHAN W. PERRY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and Jonathan W. Perry, Judges.

**WRIT GRANTED AND MADE PEREMPTORY.**

**Annette Roach**
**Attorney at Law**
**724 Moss Street**
**Lake Charles, Louisiana 70601**
**(337) 436-3384**
**P. O. Box 1123**
**COUNSEL FOR RELATOR:**
     **MATTHEW TYLER HAYES**

**Stephen C. Dwight**
**District Attorney**
**Calcasieu Parish**
**Ross Murray**
**Elizabeth B. Hollins**
**Assistant District Attorneys**
**901 Lakeshore Drive, Suite 800**
**Lake Charles, Louisiana 70601**
**(337) 437-3400**
**COUNSEL FOR RESPONDENT:**
     **STATE OF LOUISIANA**

**PERRY, Judge.**

In this criminal case, we are asked to address a res nova question of whether an application for post-conviction relief timely filed while a defendant is in custody can be denied on procedural grounds because the defendant is no longer in custody at the time his application is heard. The trial court, relying upon this procedural ground, denied the application of Matthew Tyler Hayes ("Relator"). For reasons that follow, we grant Relator's writ and make it peremptory.

### FACTS AND PROCEDURAL HISTORY

On November 29, 2016, the State charged Relator by bill of information with false imprisonment with a dangerous weapon, a violation of La.R.S. 14:46.1, and aggravated assault with a firearm, a violation of La.R.S. 14:37.4.

On January 20, 2017, Relator pled no contest[1] to the charge of false imprisonment with a dangerous weapon. In exchange for Relator's plea, the State dismissed the charge of aggravated assault with a firearm. On the same day, the trial court deferred the imposition of sentence and placed Relator on supervised probation for a period of three years, subject to general and special conditions, including serving three months in the parish jail with credit for time served.

On May 8, 2018, counsel for Relator filed a "Motion to Set Aside Guilty Plea." In this motion, Relator sought to withdraw his guilty plea for several reasons. First, Relator alleged the original counsel was ineffective for failing to properly evaluate the strength of the State's case; second, Relator was led to believe his only option was to plead no contest to false imprisonment with a dangerous weapon or

---

[1] As provided in La.Code Crim.P. art. 552(4),

> A sentence imposed upon a plea of nolo contendere is a conviction and may be considered as a prior conviction and provide a basis for prosecution or sentencing under laws pertaining to multiple offenses[] and shall be a conviction for purposes of laws providing for the granting, suspension or revocation of licenses to operate motor vehicles.

face a minimum of twenty years in prison; third, the district attorney's office failed to perform minimal investigation to uncover exculpatory evidence; and fourth, the victim confessed that she had been untruthful about the alleged incident.

On February 4, 2019, the trial court heard Relator's motion to withdraw his guilty plea. During the hearing, the trial court explained that the proper procedural device was an application for post-conviction relief. At the end of the hearing, the trial court allowed counsel to file and resubmit an application for post-conviction relief. The trial court then reset the matter for a later hearing on Relator's application for post-conviction relief. In his application, Relator asserted that the victim lied about the incident and had recanted her story. Thus, he contended his conviction and sentence were unconstitutional.

On February 6, 2019, the trial court held a status hearing on Relator's probation. At the hearing, the probation officer told the court that Relator still owed $484.50. Relator then said he was ready to pay the amount in full. The trial court took a brief recess to allow Relator to pay his costs. Once Relator paid the fees and provided proof of employment, the trial court terminated Relator's probation early and satisfactorily.

On August 19, 2019, the trial court heard Relator's application for post-conviction relief. At this hearing, counsel for Relator asserted the application was proper and that Relator had suffered violations to his second and sixth amendment rights, as well as noting concerns about Relator's mental competency at the time of the plea. However, the State objected to the proceeding because Relator's probation had terminated, and he was no longer in custody. The trial court then reset the matter for another hearing and ordered the parties to submit briefs on whether the dismissal of probation barred consideration of Relator's application for post-conviction relief.

2

On October 25, 2019, the trial court held another hearing on the question of whether a party could file an application for post-conviction relief while he was under probation and have a hearing after the applicant had completed serving his sentence. Counsel for Relator asserted that Relator was still on probation at the time he filed his application for post-conviction relief and was therefore still in custody under La.Code Crim.P. art. 924. The State's position was that because Relator was no longer in custody, the post-conviction relief articles no longer applied, so he was not entitled to post-conviction relief. After considering the arguments of counsel, the trial court denied Relator's "Uniform Application for Post-Conviction Relief" and gave oral reasons for judgment:

> But, in any event, I - - it seems [to] me that it - - you know, the - - the application for post-conviction relief contemplates the defendant being [in] some kind of - - some form of custody, whether it be actual custody or some kind of - - on some kind of supervision, which he is - - he is not.
>
> And there may be some other way to attack the conviction in - - within - - to legally attack the conviction. I don't know that this application for post-conviction relief, it doesn't seem to necessarily be the - - the mechanism to do it. There may be some other way to do it, but I don't - - I don't see that that's the mechanism to do it. So, because of that, I'm going to deny the - - the defendant's application for post-conviction relief.

On January 27, 2020, Relator filed a writ application[2] with this court seeking review of the trial court's ruling of October 25, 2019, denying Relator's application for post-conviction relief. In Relator's writ application to this court, he asserts two alternative assignments of error. First, the trial court erred in denying the application

---

[2] Louisiana Code of Criminal Procedure Article 930.6(A) provides:

> The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post-conviction relief. No appeal lies from a judgment dismissing an application or otherwise denying relief.

for post-conviction relief on procedural grounds without consideration of the merits of the application. Second, if the trial court correctly found that the termination of probation procedurally barred consideration of the application for post-conviction relief which was pending when his probation was terminated, Relator's counsel's representation fell below that guaranteed by the sixth amendment.

## DISCUSSION

The threshold matter the trial court faced which is now squarely before us is whether Relator's timely-invoked application for post-conviction relief was procedurally barred because he was no longer in custody at the time of his hearing and thus no longer entitled to post-conviction relief.

"The interpretation and application of the statutes are matters of law subject to a de novo standard of review." *State v. Lexington Nat. Ins. Corp.,* 13–1134, p. 2 (La.App. 3 Cir. 3/5/14), 134 So.3d 230, 232. In *State v. Griffin*, 14-1214, 14-1238, pp. 4-5 (La. 10/14/15), 180 So.3d 1262, 1267 (footnote omitted), our supreme court, relying in part on basic Civil Code concepts regarding the interpretation of statutes, *see State v. Bennett*, 610 So.2d 120 (La.1992), stated:

> Legislation is the solemn expression of legislative will; thus, the interpretation of legislation is primarily the search for the legislative intent. *Cat's Meow, Inc. v. City of New Orleans,* 98–0601, p. 15 (La.10/20/98), 720 So.2d 1186, 1198; *La. Safety Ass'n of Timbermen Self–Insurers Fund v. La. Ins. Guar. Ass'n,* 2009–0023, p. 8 (La.6/26/09), 17 So.3d 350, 355–56. When a law is clear and unambiguous, and its application does not lead to absurd consequences, it shall be applied as written, with no further interpretation made in search of the legislative intent. *See* La. C.C. art. 9. The starting point for interpretation of any statute is the language of the statute itself. *See, e.g., Cat's Meow,* 98–0601, p. 15, 720 So.2d at 1198; *Timbermen,* 2009–0023, p. 8, 17 So.3d at 356.

An application for post-conviction relief is defined in La.Code Crim.P. art. 924(1) as "a petition filed by a person in custody after sentence following conviction

4

for the commission of an offense seeking to have the conviction and sentence set aside." *See also State in the Interest of A.N.*, 18-1571 (La. 10/22/19), 286 So.3d 969 (contrasting La.Ch.Code art. 909 and La.Code Crim.P. art. 924). "'Custody' means detention or confinement, or probation or parole supervision, after sentence following conviction for the commission of an offense." La.Code Crim.P. art. 924(2). Applying La.Code Crim.P. art. 924(1) and (2) as written, it is clear that Relator was still subject to probation when he filed his petition for post-conviction relief and thus met the requirements set forth therein. It is equally clear that Relator's hearing on his petition for post-conviction relief was held after he satisfactorily completed probation. What effect Relator's subsequent release from probation prior to having a hearing on his timely filed petition for post-conviction relief has on his application for post-conviction relief presents a res nova issue under the facts of this case.

In its brief in opposition to Relator's writ application to this court, the State submits that although Relator was in custody when he converted the motion to withdraw his guilty plea into an application for post-conviction relief, at the time of the post-conviction hearing, he had been released from his supervised probation and was no longer in custody. Thus, it argues that the trial court properly dismissed Relator's application for post-conviction relief. For reasons that follow, we find no merit to the State's argument.

From the outset, we recognize *State ex rel. Becnel v. Blackburn*, 410 So.2d 1015 (La.1982), and *State v. Smith*, 96-798 (La. 10/21/97), 700 So.2d 493, two cases that address the effect of custody on a petition for post-conviction relief, are not dispositive of the question now before us. The following language from *Smith*, 700

So.2d at 495, best highlights how it and *Becnel* are distinguishable from the present matter:

> The defendant in *Becnel*, at the time of filing his post-conviction application, was actually incarcerated, but not for the conviction under attack. He had served his sentence for the challenged conviction, and he had been convicted of a subsequent offense and sentenced as a habitual offender based on the underlying prior conviction. In that narrow context, we held that the fact the defendant had served his sentence for the prior conviction did not render moot his post-conviction application challenging that prior conviction. In so holding, however, we expressly noted that the defendant "*now* suffers substantial detriment from the judgment of conviction, which survived the satisfaction of the sentence imposed on him." 410 So.2d at 1017 (emphasis added).
>
> The present case [*Smith*] is factually distinguishable from *Becnel*. Defendant here, at the time of filing his application for post-conviction relief, was not incarcerated and was not then actually facing any collateral consequence from his prior conviction, such as enhancement of the sentence for another pending charge or use of the conviction as an element of another crime for which he had been charged. His only basis for bringing the post-conviction proceeding was the speculative possibility of future use of the challenged conviction to enhance a sentence or to serve as an element of another crime.

The present case is a combination of *Becnel* and *Smith*, as the defendant was in the custody of the State when he filed for his post-conviction relief and was released from custody at the time of the post-conviction relief hearing.

Louisiana law distinguishes post-conviction relief from a writ of habeas corpus which is applicable to pre-conviction complaints regarding custody. La.Code Crim.P. art. 351, Official Revision Comment (c). Notwithstanding that distinction, the definition of custody found in La.Code Crim.P. art. 924 "merely codifies the jurisprudence, which has included such supervised release situations within the

6

ambit of habeas corpus relief." Cheney C. Joseph, Jr., *Post-conviction Procedure*, 41 La.L.Rev. 625, 631 (1981).

Against that backdrop, in *Smith*, 700 So.2d at 495, the supreme court stated:

> Custody historically was an obvious requirement in a true habeas corpus proceeding. While the definition of custody has undergone considerable changes over the years in federal habeas corpus proceedings, the custody requirement was apparently incorporated in Louisiana post-conviction proceedings to continue the notion of restraint as a justification for seeking such relief. In order to have standing to seek post-conviction relief, the petitioner must demonstrate some significant restraint upon his or her individual liberty.

We purposefully refer to the writ of habeas corpus because the issue of custody and its relationship to the res nova question now before us, one that is common to both habeas corpus and post-conviction relief, has been addressed in the context of federal habeas corpus. For that reason, we will draw from jurisprudence on federal habeas corpus to resolve the question now before us.

To be eligible for federal habeas corpus relief, a petitioner must be in custody. *Dickerson v. Louisiana*, 816 F.2d 220 (5th Cir. 1987). Pursuant to 28 U.S.C. § 2241(c), in pertinent part:

> The writ of habeas corpus shall not extend to a prisoner unless—
>
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
>
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
>
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States; or
>
> (4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations[.]

7

Whether a federal habeas corpus petitioner is "in custody" is determined as of the date on which the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556 (1968); *Port v. Heard*, 764 F.2d 423 (5th Cir. 1985). If a petitioner for habeas corpus meets the custody requirement, the court's jurisdiction attaches at that time. Should the petitioner later be released from custody, it is well settled that the jurisdictional prerequisite of custody is not defeated. *Carafas*, 391 U.S. 234; *Port*, 764 F.2d 423.

Based upon the clear language of La.Code Crim.P. art. 924 and illuminated by jurisprudence which examined a like question in the context of federal habeas corpus, we find that the requisite "custody" requirement provided in La.Code Crim.P. art. 924 is determined as of the date the application for post-conviction relief was filed. Under our de novo standard of review, we adopt the rule that a change in custody status has no effect on a pending application for post-conviction relief, provided the applicant properly and timely filed his application while in custody. In the present case, when Relator filed his application for post-conviction relief, he was in custody, clearly satisfying La.Code Crim.P. art. 924. Thus, we find it was error for the trial court to dismiss his application on these procedural grounds.

Accordingly, Relator's writ application is granted and made peremptory. We remand this matter, and the trial court is ordered to consider and rule on the merits of Relator's application for post-conviction relief.

**WRIT GRANTED AND MADE PEREMPTORY.**