STATE OF LOUISIANA

VERSUS

CORNELL BOLDEN

NO. 24-KH-282

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

_Wiseman_

Linda Wiseman
First Deputy, Clerk of Court

September 03, 2024

Linda Wiseman
First Deputy Clerk

**IN RE** STATE OF LOUISIANA

**APPLYING FOR** SUPERVISORY WRIT FROM THE FORTIETH JUDICIAL DISTRICT COURT, PARISH OF ST JOHN THE BAPTIST, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE VERCELL FIFFIE, DIVISION "A", NUMBER 16,205

Panel composed of Judges Stephen J. Windhorst,
John J. Molaison, Jr., and Scott U. Schlegel

**WRIT GRANTED; JUDGMENT REVERSED; DEFENDANT'S CONVICTIONS AND SENTENCES REINSTATED; MOTION DENIED; REMANDED**

Relator, the State of Louisiana, seeks review of the trial court's April 24, 2024 judgment granting defendant's motion to vacate convictions and sentences. For the following reasons, we grant the State's writ application, reverse the trial court's judgment, reinstate defendant's convictions and sentences, deny defendant's motion, and remand for further proceedings.

**PROCEDURAL HISTORY**

On May 5, 2016, defendant, Cornell Bolden, was charged with two counts of possession of altered or counterfeit sex offender registration documents in violation of La. R.S. 15:542.1.4. On April 2, 2018, defendant pled guilty and was sentenced to two years on each count to be served in a court-approved home incarceration program, with the sentences to run concurrently. On June 25, 2020, the trial court issued an order finding defendant had successfully completed his sentences and ordering the removal of defendant's GPS monitor.

On June 23, 2023, defendant filed an expedited motion to vacate convictions and sentences pursuant to the holding in State v. Hill, 20-32 (La. 10/20/20), 341 So.3d 539.[1] Although defendant acknowledged that he did not challenge the constitutionality of La. R.S. 15:542.1.4 C at the time of his 2018 guilty pleas, he argued that he was now entitled to relief because he had "been convicted and served and completed a court ordered sentence based on a statute declared to be unconstitutional." Specifically, defendant claimed his felony convictions prevented him from obtaining a Transportation Worker Identification Credential ("TWIC") card, and he was consequently "at risk of losing his employment and income."

The State filed an answer and objection to defendant's motion. The State asserted that defendant's motion was actually an application for post-conviction relief ("APCR"), and as such, it was untimely. Specifically, the State argued that defendant's reliance on Hill would not constitute a valid exception to the two year time limitation set forth in La. C.Cr.P. art. 930.8 A(2) for a new interpretation of constitutional law because defendant did not assert his claim within one year of the Hill decision.

On November 15, 2023, after an evidentiary hearing, the matter was taken under advisement and the parties submitted post-hearing briefs. In its brief, the State argued that (1) defendant failed to show his counsel was ineffective for failing to raise the constitutional issues presented in Hill, *supra*, at the time of defendant's 2018 guilty pleas; (2) counsel did not represent defendant after his guilty pleas and sentences; (3) defendant's case "was completed" and he was no longer serving a sentence; (4) denial of defendant's TWIC card was "not governed by the State;" and (5) defendant did not show that the legislature acted after the statute was declared unconstitutional to provide for expungement or vacating the conviction, citing La. R.S. 24:171.[2] In his brief,

---

[1] In Hill, the Louisiana Supreme Court found that the "branded" identification card requirements for sex offenders in La. R.S. 40:1321 J (the "obtain and carry" provision) and La. R.S. 15:542.1.4 C, which sets forth the penalties for altering an identification card, were unconstitutional.

[2] La. R.S. 24:171 states:

> The repeal of any law shall not have the effect of releasing or extinguishing any penalty, forfeiture or liability, civil or criminal, incurred under such law unless the repealing act expressly so provides, and such law shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture or liability.

defendant (1) distinguished his motion from an APCR, arguing that Hill's declaration that La. R.S. 15:542.1.4 C was unconstitutional amounted to a declaration that the law was "null and void;" and (2) that under the doctrine of "Void Ab Initio," La. R.S. 15:542.1.4 C must be treated as if it never existed and thus, he should be "placed in his original position."

On April 24, 2024, the trial court issued a judgment granting defendant's motion to vacate convictions and sentences "due to the Void Ab Initio doctrine and retroactive applicability of the law convicting Cornell Bolden being deemed unconstitutional by the Louisiana Supreme Court" and issued written reasons for judgment.

**LAW and ANALYSIS**

In the instant writ application, the State contends the trial court erred in granting defendant's motion and vacating defendant's convictions and sentences because defendant's motion was actually an APCR, and as such, it was untimely pursuant to La. C.Cr.P. art. 930.8.[3]

The Louisiana Supreme Court has recognized that courts should "look through the caption of the pleadings in order to ascertain their substance and to do substantial justice." State v. Sanders, 93-1 (La. 11/30/94), 648 So.2d 1272, 1284, cert. denied, 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996), citing Smith v. Cajun Insulation, 392 So.2d 398 (La. 1980); State v. Wilson, 16-246 (La. App. 5 Cir. 12/07/16), 207 So.3d 1196, 1198. While defendant's motion is captioned as a motion to vacate convictions and sentences, in effect, it is an APCR based on the holding in Hill finding La. R.S. 15:542.1.4 C to be unconstitutional.

La. C.Cr.P. art. 930.3 states the grounds for post-conviction relief, and provides in pertinent part:

> If the petitioner is in custody after sentence for conviction for an offense, relief shall be granted only on the following grounds:

---

As of this opinion, La. R.S. 15:542.1.4 C, has not been repealed or amended.

[3] La. C.Cr.P. art. 930.8 A provides in pertinent part:
   A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final[.]

*    *    *

(5) The statute creating the offense for which he was convicted and sentenced is unconstitutional.

As set forth in La. C.Cr.P. art. 924(1), an APCR is "a petition filed by a person in custody after sentence following conviction for the commission of an offense seeking to have the conviction and sentence set aside." "Custody," as used in post-conviction relief, "means detention or confinement, or probation or parole supervision, after sentence following conviction for the commission of an offense." La. C.Cr.P. art. 924(2). Generally, courts have concluded that an APCR is barred from review if the custody requirement of La. C.Cr.P. art. 924 is absent. See State v. Smith, 96-178 (La. 10/21/97), 700 So.2d 493.

In Smith, the Louisiana Supreme Court held:

Article 924 defines "custody" for purposes of post-conviction applications to include specific situations in which the person is subject to some physical restraint—*i.e.*, "detention or confinement, or probation or parole supervision." A noted commentator has discussed construction of the term "custody" used in Article 924 as follows:

> The term "custody" is broadly defined in article 924 of the Code of Criminal Procedure to include detention or confinement as well as probation or parole supervision. The definition merely codifies the jurisprudence, which has included such supervised release situations within the ambit of habeas corpus relief. However, *once the sentence is satisfied, post-conviction relief is barred*. The conviction can be challenged only if it is later used to enhance penalty (*e.g.*, under Louisiana Revised Statutes 15:429.1) or to serve as an element of a crime in a subsequent criminal prosecution (*e.g.*, Louisiana Revised Statutes 14:95.1).

Cheney C. Joseph, Jr., Post Conviction Procedure, 41 La.L.Rev. 625, 631 (1981) (emphasis added).

Custody historically was an obvious requirement in a true habeas corpus proceeding. While the definition of custody has undergone considerable changes over the years in federal habeas corpus proceedings, the custody requirement was apparently incorporated in Louisiana post-conviction proceedings to continue the notion of restraint as a justification for seeking such relief. *In order to have standing to seek post-conviction relief, the petitioner must demonstrate some significant restraint upon his or her individual liberty.*

Id. at 495. (Emphasis added and emphasis as found in original.) The Supreme Court in discussing how the defendant in Smith differed from the defendant in State ex rel. Becnel v. Blackburn, 410 So.2d 1015 (La. 1982) further explained:

> The holding of Becnel extends "custody" beyond the express terms of the statute. The defendant in Becnel, at the time of filing his post-conviction application, was actually incarcerated, but not for the conviction under attack. He had served his sentence for the challenged conviction, and he had been convicted of a subsequent offense and sentenced as a habitual offender based on the underlying prior conviction. In that narrow context, we held that the fact the defendant had served his sentence for the prior conviction did not render moot his post-conviction application challenging that prior conviction. In so holding, however, we expressly noted that the defendant "*now* suffers substantial detriment from the judgment of conviction, which survived the satisfaction of the sentence imposed on him." [Becnel,] 410 So.2d at 1017 (emphasis added).
>
> The present case [Smith] is factually distinguishable from Becnel. Defendant here, at the time of filing his application for post-conviction relief, was not incarcerated and was not then actually facing any collateral consequence from his prior conviction, such as enhancement of the sentence for another pending charge or use of the conviction as an element of another crime for which he had been charged. His only basis for bringing the post-conviction proceeding was the speculative possibility of future use of the challenged conviction to enhance a sentence or to serve as an element of another crime.

Smith, 700 So.2d at 495. The Smith court declined to extend the "custody" requirements of La. C.Cr.P. art. 924 to include the situation in which defendant sought relief in his APCR (*i.e.*, the speculative possibility of future use of the challenged conviction to enhance a sentence or to serve as an element of another crime). Id. at 496. The Supreme Court found that since the requirement of "custody" was lacking, the State's procedural objection to defendant's APCR should have been sustained. Id. Finding defendant's APCR was not properly before it, the Supreme Court did not reach the constitutional issue raised in that case. Id.

In the instant case, defendant was released from custody on June 25, 2020 after completion of his sentence. Therefore, defendant was not in custody at the time he filed his motion. Furthermore, it does not appear that the present case is similar to the situation in Becnel, *supra*, because defendant sought to vacate his convictions and sentences based on his inability to obtain a TWIC card allegedly due to his 2018

convictions. The denial of a TWIC card does not constitute a significant restraint upon defendant's individual liberty, and therefore, defendant did not have standing to seek post-conviction relief. Thus, we find the trial court erred in granting defendant's motion and vacating his convictions and sentences.

Even assuming defendant had standing to file an APCR, defendant's claim does not constitute a valid exception to the two-year time limitation. La. C.Cr.P. art. 930.8 A sets forth exceptions to the rule that allows a defendant to file an APCR more than two years after his conviction and sentence become final, including when:

> (2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

La. C.Cr.P. art. 930.8 A(2).

The Hill decision relied upon by defendant was decided on October 20, 2020. Defendant did not file this motion until June 23, 2023, more than one year after the Hill decision. Because defendant did not file his claim within one year of Hill, *supra*, defendant's APCR was untimely. Therefore, we find the trial court erred in granting defendant's motion and vacating his convictions and sentences.

**DECREE**

Accordingly, for the reasons stated above, we grant the State's writ application, reverse the trial court's judgment, reinstate defendant's convictions and sentences, deny defendant's motion, and remand for further proceedings.

Gretna, Louisiana, this 3rd day of September, 2024.

**SJW**
**JJM**
**SUS**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/03/2024** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**24-KH-282**

### E-NOTIFIED
40th District Court (Clerk)
Honorable Vercell Fiffie (DISTRICT JUDGE)
Anthony J. Ibert (Relator)                    Honorable Bridget A. Dinvaut (Relator)

### MAILED
Richard M. Millet (Respondent)
Attorney at Law
1101 West Airline Highway
Suite D
Laplace, LA 70068

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

**For delivery information, visit our website at** *www.usps.com®.*

OFFICIAL USE

| Certified Mail Fee |
|---|
| $ |

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)         $ _____
- ☐ Return Receipt (electronic)       $ _____
- ☐ Certified Mail Restricted Delivery  $ _____
- ☐ Adult Signature Required          $ _____
- ☐ Adult Signature Restricted Delivery $ _____

Postage
$

Postmark
Here

Richard M. Millet
1101 West Airline Highway
Suite D
Laplace, LA 70068
24-KH-282                    09-03-24

7016 2070 0000 0954 8483

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- ■ Complete Items 1, 2, and 3.
- ■ Print your name and address on the reverse so that we can return the card to you.
- ■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Richard M. Millet
1101 West Airline Highway
Suite D
Laplace, LA 70068
24-KH-282                    09-03-24

9590 9402 2434 6249 3570 16

2. Article Number *(Transfer from service label)*

7016 2070 0000 0954 8483

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                              ☐ Agent
                               ☐ Addressee

B. Received by *(Printed Name)*     | C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☒ Return Receipt for Merchandise
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt